**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02786-MEH

JOHN MEGGS, an Individual, and
ACCESS 4 ALL, INC., a Florida Not for Profit Corporation,

    Plaintiff,

v.

OCEDON RESTAURANT MANAGEMENT, LLC,
a Colorado Limited Liability Company,

    Defendant.

---

**DEFENDANT OCEDON RESTAURANT MANAGEMENT, LLC'S MOTION TO DISMISS UNDER RULES 12(b)(1) & 12(b)(6), FED. R. CIV. P.**

---

Defendant Ocedon Restaurant Management, LLC (Ocedon) respectfully moves this Court to dismiss the complaint (Complaint) filed by Plaintiffs John Meggs (Mr. Meggs) and Access 4 All, Inc. (Access) under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (Motion). This case arises out of a single visit by Mr. Meggs "on or about April 13, 2022" to a restaurant in Arvada, Colorado that Ocedon owns and operates. Based on that visit, Plaintiffs filed suit seek prospective relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (ADA), and the Colorado Anti-Discrimination Act, C.R.S. § 24-34-601 *et seq.* (CADA). But Plaintiffs' allegations do not plausibly show that Mr. Meggs suffered a particularized injury with an imminent threat of future harm,

nor do they plausibly demonstrate a concrete plan to return to Ocedon's restaurant. Accordingly, Mr. Meggs fails to show injury in fact and lacks standing. Because Mr. Access's associational standing depends on that of Mr. Meggs, it likewise fails to establish subject matter jurisdiction, and the claims of both must be dismissed under Rule 12(b)(1). Further, Plaintiffs' allegations do not plausibly state statutory claims under the ADA or CADA and must be dismissed under Rule 12(b)(6).

Based on the allegations of Plaintiff's Complaint, arguments made in this Motion, and judicial notice of the exhibits attached to the Notice of Request for Judicial Notice (Request) submitted contemporaneously, Ocedon respectfully requests that this Court dismiss the Complaint under Rules 12(b)(1) and 12(b)(6).

## I.   PLAINTIFFS' ALLEGATIONS

For this Motion only, Ocedon assumes the truth of allegations of the Complaint.

### A. Mr. Meggs and Access

"Mr. Meggs is a paraplegic, with no use of his legs, stemming from a severe spinal cord injury and therefore has a physical impairment that substantially limits many of his major life activities, including, but not limited to, not being able to walk or stand" and requires the use of a wheelchair. (See Complaint (Compl.) ¶¶ 9, 10.) "Although a California resident, [he] travels to Colorado several times per year, both for pleasure and for business meetings pertaining to the operation of [Access], of which Mr. Meggs is a member (*Id.* ¶¶ 11, 16.) Access is an organization that represents the interests of its members, who may face discrimination at places of public accommodation. (*Id.* ¶ 11.)

2

### B. Arvada-Area Burger King Restaurants, Colorado, Including the 80th Ave. BK

According to the Burger King "Find a Restaurant" locator on the Internet, there are twenty Burger King restaurants that are either in Arvada, Colorado or within 8.6 miles of it.[1] Two are located in Arvada itself: one at 12580 West 64th Avenue (64th Ave. BK and another at 5255 West 80th Ave. (80th Ave. BK or the Restaurant). (Request, Exh. 1.) Ocedon owns and operates the 80th Ave. BK, which is a "quick service restaurant." (Complaint (Compl.) ¶¶ 3, 4, 15.)

### C. Mr. Meggs's Visit to the 80th Ave. BK "On or About April 13, 2022."

This case arises out of a single visit to the 80th Ave. BK by Mr. Meggs. (*Id.* ¶ 15.)[2] Plaintiffs do not specify an exact date but state that "[o]n or about April 13, 2022," "Mr. Meggs visited [the 80th Ave. BK]... as a bone [sic] fide purchaser/patron to avail himself of the goods and services offered to the public within but found that the [80th Ave. BK] contained many violations of the ADA, both architecturally and in policy." (*Id.* ¶ 15.)

---

[1] Under Fed. R. Evid. 201, Ocedon respectfully requests that the Court take judicial notice of results of a search using the publicly available Burger King "Find a Restaurant" locator on the Internet. (https://www.bk.com/store-locator, *site last accessed* Feb. 6, 2023) (BK Locator).) Searching in the BK Locator for restaurants using the search term "Arvada Downtown, Arvada, Colorado, US" yields a list of twenty Burger King restaurants, two of which are located in Arvada itself. (*See* Request, Exh. 1 (search results and information regarding the two restaurants.)

[2] Although Plaintiffs allege that Mr. Meggs previously visited the 80th Ave. BK on "multiple occasions," they provide no details. (*Id.* ¶ 15). They do not allege how many visits he made, why or under what circumstances he visited, whether he attempted to purchase goods or services or identified any alleged ADA or CADA violations.

3

They provide a list of alleged violations based on their "preliminary inspection" (*id.* ¶¶ 25-28, 30) and assert generally that the alleged violations are ongoing (*id.* ¶¶ 29, 31-33.) Based on the alleged violations, they seek prospective relief. (*Id.* ¶¶ 39-41, 52 & Wherefore clauses at 12-13, 15.)

Plaintiffs admit that the 80th Ave. BK "is not the type of accommodation that requires reservations" but nevertheless allege that Mr. Meggs "intends to return" to that specific Restaurant "on or about November 1, 2022" and "on or about February 1, 2023." (*Id.*) In addition, they allege generally that Mr. Meggs intends to "revisit [the 80th Ave. BK] not only as a bone (sic) fide purchaser but also to monitor any progress made with respect to ADA compliance." (*Id.* ¶¶ 15, 18.) In these conclusory comments about Mr. Meggs's future intentions, Plaintiffs do not allege, for example:

- when or where in Colorado "meetings pertaining to the operation of [Access]" (*id.* ¶ 16), if any, would be occurring, or if Mr. Meggs planned to attend them;

- what reason, if any, Mr. Meggs would have to be in Arvada "on or about" either date;

- even if Mr. Meggs were planning to be in Arvada "on or about" either date, why he would be in the specific area in which the 80th Ave. BK is located rather than that of the 64th Ave. BK;

- even if Mr. Meggs were planning to be in Arvada area "on or about" either date, why he would be in the specific area in which the 80th Ave. BK is located rather than that of any one of the 18 other Burger King restaurants within 8.6 miles of downtown Arvada; or

- why he would seek to be a bona fide purchaser of goods and services at the 80th Ave. BK rather than any of the others.

In a footnote, Plaintiffs allege that, on an unspecified day "in August 2022," Mr.

Meggs "returned" to the 80th Ave. BK. (*Id.* ¶ 15 n.4). Unlike his visit "on or about April 13," however, he returned only "to the exterior of the property," "but no change in conditions was observed." (*Id.*) Plaintiffs do not allege why Mr. Meggs went there. They do not state that he attempted to or did avail himself of the goods or services at the 80th Ave. BK. Plaintiffs do not allege with any specificity what part of the exterior of the restaurant Mr. Meggs observed, much less that he observed what he observed violated the ADA or CADA, nor any effect of what he observed.

## II. ARGUMENT

### A. Standard of Review for Rule 12(b)(1) Motions

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction may take the form of a factual attack, which goes beyond the pleadings; or – as in Ocedon's Motion – a facial attack, which does not. A Rule 12(b)(6) standard is applied to the latter, in which the movant questions the sufficiency of the allegations of subject matter jurisdiction in the complaint and the court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3rd 1000, 1002 (10th Cir 1995); *Frederick v. Coffee Housing Holdings, Inc.,* Case No 17-cv-00409-MEH, 2017 BL 167293, *2 (D. Colo. May 11, 2017) (*citing Holt,* 46 F.3d at 1002). Rule 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth a plausible set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

5

elements of a cause of action's element will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The U.S. Supreme Court's standards set forth in *Iqbal* and *Twombly* do not require a federal court to accept as true any legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678. After paring such conclusory allegations from the complaint, the court must review the remaining allegations to determine whether the well-pleaded factual allegations plausibly entitle plaintiff to relief. *Id.* at 678-79. If the complaint lacks sufficient factual allegations to raise a plaintiff's claims, "above the speculative level," the claims must be dismissed as a matter of law. *Twombly*, 550 U.S. at 555.

**B. Plaintiffs' Allegations Fail to Establish Standing. Lacking Subject Matter Jurisdiction, the Court Must Dismiss their Claims Under Rule 12(b)(1)**

***1. Standing to Sue under Article III of the U.S. Constitution***

A federal court has an independent obligation to confirm whether it has subject matter jurisdiction to hear a lawsuit, which includes affirming that Plaintiffs have standing. *Access 4 All Inc. v. Corsa Inv., LLC,* Case No. 21-cv-02788-MEH, 2022 BL 353990, at *3 (D. Colo. Oct. 3, 2022), *recommendation adopted*, 2022 BL 162004 (D. Colo. May 10, 2022). *See S. Furniture Leasing, Inc. v. YRC, Inc.*, 989 F.3d 1141, 1145 (10th Cir. 2021) (requiring that a "plaintiff must possess standing to sue"). "The issue is not whether plaintiff will ultimately succeed on the merits. *Corsa Inv., LLC*, BL 353990, at *3 (citation omitted). It is whether the Constitution empowers the Court to adjudicate the case.

The party asserting subject matter jurisdiction bears the burden of alleging and proving that subject matter jurisdiction exists. *See Frederick v. Coffee Housing Holdings, Inc.,* Case No 17-cv-00409-MEH, 2017 BL 167293, *2 (D. Colo. May 11, 2017), *citing Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). For Article III standing, a plaintiff must have (1) "suffered an injury in fact," (2) that is "fairly traceable to the challenged action of the defendant," and (3) that is likely to be "redressed by a favorable decision." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (quotations and alterations omitted). *See also Cuesta v. SMT Holdings LLC,* Case No. 21-cv-03094-NYW, 2022 BL 385632, at *5 (D. Colo. Oct. 27, 2022); *Meggs v. Dillon Cos.,* Case No. 21-cv-02030-NYW, 2022 BL 313493, at *4 (D. Colo. Sept. 6, 2022). These requirements ensure that "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (quotations omitted).

An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotations and citations omitted). *See also Cuesta v. SMT Holdings LLC,* Case No. 21-cv-03094-NYW, 2022 BL 385632, at *6 (D. Colo. Oct. 27, 2022); *Meggs v. Dillon Cos.,* Case No. 21-cv-02030-NYW, 2022 BL 313493, at *5 (D. Colo. Sept. 6, 2022). To be "concrete," an injury must be "real" rather than "abstract." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021). But "'concrete' is not necessarily synonymous with 'tangible.'" *Id.* at 1191 (internal quotations and alterations

omitted). For the injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. To avoid "alleging a bare procedural violation," the plaintiff must show some harm caused by the violation or a material risk of harm to show Article III standing. *Id.* at 342.

An alleged future injury is sufficiently imminent "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quotations omitted) (emphasis added). *See also Access 4 All Inc. v. Corsa Inv., LLC,* Case No. 21-cv-02788-MEH, 2022 BL 353990, at *4 (D. Colo. Oct. 3, 2022) (injury must not be conjectural or hypothetical and must pose a substantial risk of impending harm to the plaintiff).

### 2. Plaintiffs Must Allege a Concrete, Present Plan to Return to the Place of Public Accommodation to Demonstrate Injury In Fact in a Title III ADA Claim in Which They Seeks Prospective Relief

To show an "injury in fact" with respect to prospective relief, as Plaintiffs seek here, they must "be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Cuesta v. SMT Holdings LLC,* Case No. 21-cv-03094-NYW, 2022 BL 385632, at *7 (D. Colo. Oct. 27, 2022). A plaintiff in a Title III ADA claim must show sufficient evidence "suggest[ing] a concrete, present plan to return to" the establishment at issue. *Id.* "A mere expressed desire does not by itself imply an intent to return," nor may a plaintiff simply rely only on general allegations of intent. *Id.* (citations omitted). *See Access 4 All Inc. v. Corsa Inv., LLC,* Case No. 21-cv-02788-MEH, 2022 BL 353990, at *4 (D. Colo. Oct. 3, 2022).

Two cases decided recently in the District of Colorado are especially instructive. In *Cuesta v. SMT Holdings LLC,* Case No. 21-cv-03094-NYW, 2022 BL 385632, at *7 (D. Colo. Oct. 27, 2022), the court applied a four-factor test to determine whether a plaintiff in a Title III ADA case in which he seeks prospective relief has the "intent to return" to a public accommodation necessary to establish standing to sue: (1) the proximity of the place of public accommodation to Plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return; and (4) the plaintiff's frequency of travel near defendant.

In *Cuesta,* the court held that the plaintiff lacked standing and dismissed the case for lack of subject matter jurisdiction. First, the plaintiff resided in Florida, and the defendant brewing company was located in Colorado, which is several states and over 1,000 miles away. "A brewery in another state is not such a public accommodation that one would use so far away from one's residence. *Cuesta v. SMT Holdings LLC,* Case No. 21-cv-03094-NYW, 2022 BL 385632, at *8 (D. Colo. Oct. 27, 2022) (citing *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) ("As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases.") "When the distance between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a likelihood of future harm.)

The court then found that demonstration of past patronage alone cannot establish standing unless the plaintiff can establish a reasonable likelihood that he is

9

likely to return. *Cuesta v. SMT Holdings LLC*, Case No. 21-cv-03094-NYW, 2022 BL 385632, at *9 (D. Colo. Oct. 27, 2022). *See also Meggs v. Dillon Cos.*, Case No. 21-cv-02030-NYW, 2022 BL 313493, at *8 (D. Colo. Sept. 6, 2022) ("Past exposure of illegal conduct does not in itself show a present case or controversy regarding injunctive relief…. if unaccompanied by any continuing present adverse effects….")

As to the third element, the court noted that the plaintiff alleged a desire to visit the subject property and businesses located therein, not only to avail himself of the goods and services available at the property and businesses located within it, but to assure that those properties were in compliance with the ADA. *Meggs v. Dillon Cos.*, Case No. 21-cv-02030-NYW, 2022 BL 313493, at *6 (D. Colo. Sept. 6, 2022) The court concluded that, "These vague allegations fail to indicate any definitiveness of Mr. Cuesta's intention to return to Resolute Brewing [the defendant] specifically." *Cuesta*, 2022 BL 385632, at *7-*9. As to the fourth element, the court noted that the plaintiff's allegations of return to the "Denver area" for Access 4 All meetings failed to even mention Centennial, Colorado, where Resolute Brewing was located. *Id.* at *10.

Accordingly, Judge Wang concluded in *Cuesta* that plaintiffs failed to present a concrete, present plan to return to establish an injury in fact or to satisfy the 4-part test for standing. In so holding, the Court cited *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp.3d 977, 983 (C.D. Cal 2017) (on summary judgment finding that the plaintiff failed to establish a concrete injury based on no intent to return where the restaurant at issue was part of a national chain, the plaintiff could easily find a closer

10

location to his stated residence, the plaintiff failed to provide a reason for his frequent travel to the location of the restaurant, the plaintiff's past patronage of the restaurant was unclear; and, although the plaintiff intended to return in the future, he admitted he did not have plans to return at the time); *Brother v. Tiger Partner LLC,* 331 F. Supp.2d 1368, 1372 (M.D. Fla 2004) (Plaintiff lacked standing for an ADA claim against a hotel based upon the following factors: (1) the plaintiff lived more than 280 miles from the hotel and only travelled to the general area of the hotel twice a year, (2) the plaintiff lacked a continuing connection to the hotel, (3) and "there were countless other hotels closer to Disney World" which contraindicated the Plaintiff's claim he stayed at the hotel for its proximity to Disney World) (additional citations omitted)).

In *Meggs v. Dillon Cos.,* Case No. 21-cv-02030-NYW, 2022 BL 313493, at *13 (D. Colo. Sept. 6, 2022), Judge Wang dismissed Mr. Meggs for lack of standing in an ADA public accommodation claim against Plaintiff in. In *KRF,* Judge Wang reiterated the importance of an alleged real and immediate threat of being injured in the future that is "not merely speculative." Applying the 4-factor test, the court found that these factors weighed against Mr. Meggs. *Id.* at *11. Mr. Meggs lives in California, and the defendant in that case was a grocery store in Colorado. As the court stated, "A grocery store in another state is not such a public accommodation that one would use so far away from one's residence. *Id.* at *8 (citing *Molski v. Mandarin Touch Rest.,* 385 F. Supp.2d 1042, 1045 (C.D. Cal 2005) ("As the distance between the plaintiff's resident and the public accommodation increases, the likelihood of future harm decreases. When the distance

11

between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm.").

Judge Wang reiterated that past patronage alone could not confer standing. *Dillon* at *8. On the third factor, Mr. Meggs stated he visited the subject property on one specific date and "will continue to do so" without any reservation and without even mentioning Commerce City, Colorado. *Id.* at *15. As to the fourth factor, identical to this case, Mr. Meggs alleged that he frequently visited Colorado because of his position as "President" of Access 4 All, Incorporated. The Court noted that "none of Plaintiff's assertions sufficiently establish that Plaintiff frequently travels near Colorado or any specific county, city, or geographic location near the Grocery Store." *Id.* at *9. The court concluded that Mr. Meggs failed to adduce sufficient evidence that "suggested a concrete, present, plan to return to" the Grocery Store to establish an injury in fact and dismissed the Complaint for lack of standing. *Id.* at *11.

### 3. Plaintiffs Cannot Meet their Burden to Establish Injury in Fact Because They Do Not Allege that Mr. Meggs Has a Concrete, Present Plan to Return to the 80th Ave. BK

This case turns on whether there was a concrete injury in fact, and Plaintiffs fail to allege that Mr. Meggs suffered one. The Complaint only alleges a blanket intent to return with no specific plan, which is fatal for standing. *Id.,* at *11. Plaintiffs do not allege injury in a personal and individualized way. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). Plaintiffs' allegations fail to establish a "concrete injury in fact" for an ADA public accommodation claim.

First, the Premises is several states and over 1,000 miles away from Mr. Meggs's residence in Southern California. As Judge Wang noted in *Cuesta* and *Dillon case*, "as the distance increases, the likelihood of future harm decreases." Second, while the courts consider past patronage, this alone does not confer standing without a reasonable likelihood of future harm. Plaintiffs vaguely allege Mr. Meggs visited the 80th Ave. BK in the past but provide no dates or specific facts whatsoever on those visits Third, Mr. Meggs' plans to return are speculative at best. As in *Cuesta*, vague allegations of two potential future visits do not indicate any definiteness of Mr. Meggs' return to visit the 80th Ave. BK. Finally, just as in the *Cuesta* case, a return to the Colorado for Access 4 All meetings fails to mention Arvada, where the Restaurant is located, or any suggestion of a specific return to Arvada. Just as the plaintiffs in the *Cuesta* and *Dillon* cases, they have no standing here.

Plaintiffs have done nothing more than cut and paste the general allegations of intent to return elements of an ADA Title III public accommodation claim into the Complaint. When the Court strips the Complaint of conclusory, they fail to establish standing.

### 4. Plaintiffs' Allegations Do Not Establish Access's Associational Standing

Under Article III of the Constitution, an association has standing to sue on behalf of its members when (1) at least one of its members has standing to sue in his or her own right, (2) the interests at stake are germane to the organization's purposes, and (3) neither the claim asserted, nor the relief requested requires participation of individual

members in the lawsuit. *See Hunt v. Wash State Apple Adver Comm'n,* 432 U.S. 333, 343 (1977). *See Access 4 All Inc. v. Corsa Inv., LLC,* Case No. 21-cv-02788-MEH, 2022 BL 353990, at *5 (D. Colo. Oct. 3, 2022) (citation omitted). Access's standing in this case turns on that of Mr. Meggs, one of its members. (Compl. ¶¶ 10, 11.) Since Mr. Meggs does not have standing to assert claims in his own right, Access does not possess associational standing. Accordingly, the Court should dismiss its claims for lack of subject matter jurisdiction under Rule 12(b)(1).

### 5. *Plaintiffs' Filing Suit for Prospective Relief under Title III of the ADA against Many Defendants in this Jurisdiction Appear to Be Based on Similarly Deficient Allegations Regarding Intent to Return, Undercutting the Plausibility of an Injury in Fact Here*

One issue raised by the instant case concerns the widespread filing of cases in the U.S. District Court for the District of Colorado by the Plaintiffs, alone and together, where standing to sue is based on allegations every bit as flimsy as the ones at issue here. We respectfully request that this Court take judicial notice of the fact that Plaintiff Meggs has filed seventy-six cases since late 2017 for alleged violations of Title III of the ADA and of CADA. Request, Exh. 2 (list of cases).[3] During the period April 12-15, 2022, alone, Mr. Meggs visited establishments from which he filed a total of sixteen cases in

---

[3] The list in Request, Exh. 2 was compiled from Bloomberg Law (BL), the research platform (much like Westlaw and Lexis) that the undersigned uses. For this list, BL's information comes directly from Pacer. *See* Request, Exh. 3 (transcript of chat between the undersigned's paralegal and BL's representative dated Feb. 3, 2023 confirming that the information in Exh. 2 is derived from Pacer).

this court under Title III of the ADA and of CADA. That includes the instant case that is based upon the single visit he made to the Restaurant "on or about" April 13, 2022. We respectfully request that this Court take judicial notice of the complaints that Mr. Meggs (and, in some cases, Access) filed. Request, Exhs. 4-18. The allegations contained in each of those cases that relate to injury in fact are virtually indistinguishable. As a group, they tend not to show concrete, constitutionally cognizable injuries in fact that establish standard, but perfunctory, box-checking actions of a private attorney general under circumstances where none is authorized. The sheer volume of these cases and the paucity of sufficient allegations of intent to return in them tend to undercut further the plausibility of injury in fact in the instant case.

As the Tenth Circuit recently stated in the context of claims for alleged violations of Title III of the ADA, Article III of the U.S. Constitution grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions. *Laufer v. Looper*, 22 F.4th 871, 877 (10th Cir. 2022) (citations omitted). Thus, "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id*. This is not such a case.

**C. <u>Because Plaintiffs Do Not State Claims Under ADA or CADA, Their Claims Should be Dismissed Under Rule 12(b)(6)</u>**

***1. Plaintiffs Fail to State an ADA Violation Claim under Rule 12(b)(6)***

Title III of the Americans with Disabilities Act (ADA) prohibits discrimination in public accommodations on the basis of disability. It provides that:

15

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Title III does not provide for damages, and Plaintiffs here seek only declaratory and prospective equitable relief. (Compl. ¶¶ 39-41, 52 & Wherefore clauses at *pp.* 12-13, 15.)

To state a claim for discrimination under Title III, a plaintiff must show that (1) plaintiff is disabled under the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) plaintiff was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and (4) defendant failed to make reasonable modifications to accommodate plaintiff's disabilities without fundamentally altering the nature of the public accommodation. *Civ. Rights Educ. & Enf't Ctr. v. Sage Hosp. Resources, LLC*, 222 F. Supp. 3d 934, 956 (D. Colo. 2016). For standing purposes, it is the third element that helps define the sort of injury in fact that Plaintiffs must allege to establish standing and, therefore, subject matter jurisdiction.

To state a claim for discrimination under Title III, a plaintiff must show that (1) plaintiff is disabled under the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) plaintiff was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and (4) defendant failed to make reasonable modifications to accommodate plaintiff's disabilities without

fundamentally altering the nature of the public accommodation. *Civ. Rights & Edu. Ctr. v. Sage Hosp. Resources, LLC*, 222 F. Supp. 3d 934, 956 (D. Colo. 2016) (citation omitted). With respect to the third element, this Motion described in detail how Plaintiff failed to plead with sufficient particularity under the *Iqbal* and *Twombly* standards any deprivation of the use of the Premises or violations of applicable codes. Plaintiffs do not allege any purchases Mr. Meggs sought to make at the Premises, in the past or "on or about" April 13, 2022. Plaintiffs do not allege any specific barriers to access to make such purchases except for vague assertions about categories of ADA or CADA violations and conclusory code citations. They do not plead a plausible claim that Ocedon denied any opportunity for Mr. Meggs to enjoy goods or services. Accordingly, their ADA and CADA claims should be dismissed under Rule 12(6)(b).

### 2. Plaintiffs Failed to State a CADA Violation Claim under Rule 12(b)(6)

CADA prohibits places of public accommodation from directly or indirectly refusing, withholding, or denying "the full and equal enjoyment of [its] goods, services, facilities, privileges, advantages, or accommodations" based on an individual's disability. See Colo. Rev. Stat. §§ 24-34-601(1)-2(a). Claims under CADA for public accommodation access are analyzed under the same standards as the ADA. *See* Colo. Rev. Stat. § 24-34-802(4). For all of the same reasons that Plaintiffs claims fail for lack of standing under Ruler 12(b)(1) and failure to state a claim under Rule 12(b)(6), Plaintiffs' CADA claims fail on the face of their complaint and must be dismissed.

## CONCLUSION

Plaintiff Meggs has not alleged a cognizable injury in fact sufficient to establish subject matter jurisdiction under Article III of the U.S. Constitution, and his claims must under Title III of the ADA and CADA must be dismissed under Rule 12(b)(1). For similar reasons, he cannot state a claim under either the ADA and CADA, and both claims should be dismissed under Rule 12(b)(6) as well. Because Mr. Meggs's claims fails, Access cannot establish associational standing, much less any statutory violations. Accordingly, Access's claims should be dismissed also.

WHEREFORE, the Defendant respectfully requests that the Court enter an order (in the form attached) dismissing Plaintiff's claims in their entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated this 6th day of February 2023.

*/s/ Christopher M. Leh*
Christopher M. Leh
Leh Law Group, LLC
8181 Arista Place, #100
Broomfield, Colorado 80021
Phone: (303) 327-1415
cleh@lehlawgroup.com

**ATTORNEYS FOR DEFENDANT OCEDON RESTAURANT MANGEMENT, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2023, I caused a true and correct copy of the foregoing **DEFENDANT OCEDON RESTAURANT MANAGEMENT, LLC'S MOTION TO DISMISS UNDER RULES 12(b)(1) & 12(b)(6), FED. R. CIV. P.** to be served upon the following via the ECF system:

Jon G. Shadinger, Jr.
Shadinger Law, LLC
717 E. Elmer Street, Suite 7
Vineland, NJ 08360
js@shadingerlaw.com

**Copy via email to**:

Ocedon Restaurant Management, LLC

*s/ Tina B. Lyda*
Tina B. Lyda
Leh Law Group, LLC
